IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JORDAN, on behalf of himself and others similarly situated, | CIVIL ACTION 2-21-cv-540 |
| Plaintiff, | FILED ELECTRONICALLY ON APRIL 22, 2021 |
| v. | |
| PASSAVANT MEMORIAL HOMES, | CLASS/COLLECTIVE ACTION |
| Defendant. | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Richard Jordan ("Plaintiff") brings this lawsuit against Passavant Memorial Homes ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Pittsburgh, PA (Allegheny County).

5. Defendant is a corporate entity headquartered at 163 Thorn Hill Road, Warrendale, PA 15086 (Allegheny County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant, according to its website, "is a private, non-profit human services organization whose mission is to empower individuals with intellectual disabilities, autism, and behavioral health needs to live successfully in the community by providing the highest quality supports while promoting choice and independence." https://www.pmhfos.org/our-family-of-services/passavant-memorial-homes/overview/ (last viewed 4/22/21).

9. As an integral part of the above-described mission, Defendant employs individuals in the positions of "Direct Support Professional" ("DSP") and "Independent Contractor – Direct Care" ("ICDC").  Defendant classifies DSPs as employees and pays them "time and one-half" overtime wages for hours worked over 40 per week.  Meanwhile, Defendant classifies ICDCs as non-employee "contactors" and pays them straight-time wages for all hours worked, including hours worked over 40 per week.

10. The DSPs and ICDCs generally perform the same type of work.  For instance, the ICDC job description lists the following "duties and responsibilities":  (i) "Provide direct care services to individuals with intellectual disabilities and specialized care in daily living, social, and recreational activities;" (ii) "Provide support and assistance to foster maximum independence of individuals;" (iii) "Ensure the safety and well-being of the individuals;" (iv) "Assist and encourage individuals to engage in various activities in the home and community;" (v) "Observe individuals' behaviors and changes in physical condition, utilize prescribed strategies to assist the individual, and document and report accordingly;" (vi) "Assist in housekeeping and cleaning duties;" and (vii) "Maintain logs and records pertaining to

individuals." Each one of these duties and responsibilities also is listed as a "duty and responsibility" of the DSP position.

11. Individuals holding the ICDC position are paid based on their hours worked without regard to managerial skill.

12. Individuals holding the ICDC position are not required to make any significant investments in equipment or materials.

13. The ICDC position does not require any special skills that cannot be learned through on-the-job training. In this regard, the ICDC job description lists the following "required skills and knowledge": (i) "Minimum of 18 years of age, required;" (ii) "High school diploma or equivalent, required;" (iii) "Valid driver's license, required;" (iv) "Current car insurance and registration, required;" (v) "Successfully pass background check, required;" and (vi) "Experience working directly with individuals with developmental disabilities, preferred."

14. Plaintiff worked for Defendant as an ICDC from approximately 2015 until late-2020 and, like other ICDCs, was paid an hourly wage.

15. Plaintiff reported Les Williams, who was on Defendant's management team and closely supervised Plaintiff's work.

16. Plaintiff, like other ICDCs, often worked over 40 hours per week. Specifically, Plaintiff estimates that he worked 45-50 hours during a typical week.

17 Plaintiff, like other ICDCs, did not receive any overtime pay for hours worked over 40 per week.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil

Procedure 23.  He sues on behalf of all ICDCs and other individuals who, during any time within the past three years, were paid by Defendant as non-employee contractors to perform any of the duties and responsibilities described at paragraph 10 above.

19.     Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21.     The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

22.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

23.     Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

24.     Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

25.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

26. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

27. In paying Plaintiff and other collective members straight-time compensation for hours worked over 40, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

28. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

29. In paying Plaintiff and other collective members straight-time compensation for hours worked over 40, Defendant violated the PMWA.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

D.      Such other and further relief as the Court deems just and proper.

Date:  April 22, 2021                                             Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

*[signature]*
Signature

Richard D. Trader
Print Name