IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| RICHARD JORDAN, on behalf of himself and others similarly situated, | : : : | 2:21-cv-00540-MJH |
| Plaintiff, | : | |
| v. | : : | |
| PASSAVANT MEMORIAL HOMES, | : | |
| Defendant. | : : | |

**PLAINTIFF'S UNOPPOSED MOTION FOR
"PRELIMINARY APPROVAL" OF THE CLASS
ACTION SETTLEMENT AND OTHER RELATED RELIEF**

As reflected in the accompanying Class Action Settlement Agreement ("Agreement"), *see* Doc. 24-1, Plaintiff Richard Jordan ("Jordan") and Defendant Passavant Memorial Homes ("Passavant") have agreed to settle this lawsuit on behalf of a 136-member class of individuals who both (i) were classified by Passavant as Home and Community Service ("HCS") independent contractors and (ii) were credited with working over 40 hours during at least one week between April 22, 2018 and October 22, 2021. The proposed settlement requires Passavant to pay a total of $300,000. If the Court approves the requested $90,000 in attorney's fees/expenses and the requested $7,500 service award, then $202,500 will be paid to the 136 class members.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). As discussed in the accompanying brief, notice of the instant settlement

should be issued to class members (*i.e.* the settlement should be "preliminarily approved") because both of these requirements are satisfied.

First, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

(A) [Jordan] and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Second, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Moreover, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B).

Finally, the undersigned law firms are qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Jordan respectfully asks the Court grant this motion and enter the accompanying proposed order.

Date: January 10, 2022                Respectfully,

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Michelle L. Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Proposed Class Counsel*