IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JORDAN, on behalf of himself and others similarly situated,<br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>PASSAVANT MEMORIAL HOMES,<br>　　　　　　　　　　　Defendant. | 2:21-cv-00540-MJH |

# ORDER

**AND NOW**, this 13th day of April, 2022, upon consideration of Plaintiff's "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Settlement, and Other Associated Relief" ("Motion") (Doc. 27), the accompanying "Class Action Settlement Agreement" ("Agreement") (Doc. 27-1), the accompanying Amended Declaration of Aisha Lange (Doc. 29), the accompanying Declaration of Peter Winebrake (Doc. 27-3), the accompanying Memorandum of Law (Doc. 28), the representations and arguments of counsel during the April 13, 2022 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

　　1.　　The Court **CERTIFIES A SETTLEMENT CLASS** comprised of the 128 individuals who: (i) are listed in Exhibit A to the Agreement and (ii) have not excluded themselves from the settlement.[1]  These Class Members were classified as independent contractors and were credited with working over 40 hours during at least one week between

---

[1]  As explained in the Declaration of Aisha Lange, the following 8 individuals have filed timely requests to be excluded from the settlement:  April Buckwalter; Gloria Campese; Amanda Hiler; Rebecca Jennelle; Jeanne Lesko; Catherine Maunz (a.k.a. Catherine Maunz MacWilliams); Leslie Niederberger; and Constance Wells.  Thus, the certified settlement class is comprised of all individuals listed in Exhibit A to the Agreement other than these 8 individuals.

April 22, 2018 and October 22, 2021.  The Court finds that the settlement class satisfies Federal Rule of Civil Procedure ("Civil Rule") 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  *See, e.g., Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, 2019 U.S. Dist. LEXIS 77541, *24-51 (E.D. Pa. May 8, 2019) (certifying class of workers who were classified as independent contractors and sought overtime wages); *cf Rood v. R&R Express, Inc.*, 2921 WL 3021978, 2021 U.S. Dist. LEXIS 132584, *1-15 (W.D. Pa. July 16, 2021) (certifying class of employees who were classified as overtime-exempt "administrative" employees and sought overtime pay).

2.      The settlement requires Defendant – which continues to vigorously contest any liability – to pay a total amount of $270,087.22[2] to be distributed as follows: (i) $172,587.22 will be paid to the 128 Class Members in the amounts described in Exhibit A to the Agreement; (ii) a $7,500.00 service award will be paid to Plaintiff Richard Jordan ("Jordan"); and (iii) $90,000.00 will be paid to class counsel to cover attorney's fees and expenses (including all settlement administration expenses).  The Court finds the settlement fund to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** the settlement.  This finding is supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the April 13, 2022 fairness hearing.  In particular, the record establishes

---

[2]  The settlement, as *preliminarily* approved by the Court, called for Defendant to make a maximum payment of $300,000.00.  *See* Doc. 26.  However, this maximum payment amount must be reduced to account for the proposed settlement payments attributable to the 8 individuals (listed in footnote 1) who have excluded themselves from the settlement.

that all of the criteria described in Civil Rule 23(e)(2) favor approval.

        3.      The Court **APPROVES** the Class Members' settlement of the Fair Labor Standards Act ("FLSA") claim because the settlement "resolves a *bona fide* dispute, is fair, reasonable, and adequate, and does not impermissibly frustrate the implementation of the [FLSA] in the workplace." *Herbin v. PNC Financial Services Group, Inc.*, 2020 WL 429081, 2020 U.S. Dist. LEXIS 13095, *2 (W.D. Pa. Jan. 27, 2020) (internal quotations omitted).

        4.      The Court **APPROVES** the payment of a $7,500.00 service award to Jordan.

        5.      The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC to serve as class counsel. The record demonstrates that this firms is qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

        6.      The Court **APPROVES** the payment of $90,000.00 to class counsel. As evidenced by the Declaration of Peter Winebrake, $13,625.00 of this amount will reimburse class counsel for litigation expenses (including settlement administration expenses). The remaining $76,375.00 will be paid to class counsel as attorney's fees. This fee payment – which amounts to approximately 28% of the total $270,087.22 settlement fund – falls below the percentage fee awards often approved in wage and hour class/collective action settlements. *See Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 WL 5394751, 2019 U.S. Dist. LEXIS 182359, *20-23 (W.D. Pa. Oct. 22, 2019) (citing cases). In addition, the fee award is supported by the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). *See Kapolka*, 2019 U.S. Dist. LEXIS 182359, at *17-18 (listing factors).

7.	This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

_____
Marilyn J. Horan
United States District Judge
Western District of Pennsylvania